**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

       Plaintiff,

v.                                  Case No. 09-14224

FRANCIS A. BLAKE and MARY JOAN BLAKE,

       Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**PARTIAL MOTION FOR SUMMARY JUDGMENT**

On March 31, 2011, the Government filed the pending motion for summary

judgment against Defendants Francis A. Blake and Mary Joan Blake.  Defendants

responded on April 18, 2011, and the Government replied on May 11, 2011.  Having

reviewed the briefs, the court concludes a hearing on this motion is unnecessary.  *See*

E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will grant in part and

deny in part the motion.

**I.  BACKGROUND**

The Government filed a two-count amended complaint against Defendants

alleging failure to pay all tax liabilities.  Count I asserts a claim against Francis Blake for

failure to pay an assessment upon demand for taxes withheld from employees and held

in trust by an employer ("trust fund taxes") and penalties pursuant to 26 U.S.C. § 6672.

Blake was the sole shareholder of Northern Machinery, Inc., and Northern Holdings,

Ltd.  He further served as the president of Northern Holdings and oversaw all aspects of

its operations, which included deciding the timing and order of payments to creditors.

An employee of Northern Holdings would immediately inform Blake of any important

correspondence, including notices of tax delinquencies and tax assessments of the
company.  The instant case involves the period between 1996 and 1998.  On November
1, 1999, the Government made an assessment and penalty against Blake in the amount
of $328,501.03 for failure properly to collect and pay over trust fund taxes for the period
between October 1, 1996, and September 30, 1998.  Blake denies that he is liable for
that amount, asserting that several overpayments were inadvertently made throughout
1997.  Specifically, he claims that repayment of loans were reported as payroll
expenses, for which trust fund taxes were assessed but not owed.  The parties agree
that Blake did not pay the full amount of the assessment.

Count II asserts a claim for unpaid income tax assessments for the years 2000,
2001, and 2002 against Francis Blake and Mary Blake.  The Government assessed tax
liabilities and demanded payment of taxes, penalties, and interest equating to the
following unpaid liabilities as of March 30, 2011: $379,204.57 for 2000, $216,955.05 for
2001, and $308,381.99 for 2002.  Although Defendants do not challenge their failure to
pay the assessed taxes, they argue that the assessed amounts for years 2001 and
2002 are inaccurate.  They claim that significant net operating losses incurred in 2003
may be carried back to 2001 and 2002, thereby reducing or eliminating their tax
liabilities for those years, pursuant to 26 U.S.C. § 172.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when
there is no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "In deciding a motion for summary
judgment, the court must view the evidence in the light most favorable to the non-

2

2:09-cv-14224-RHC-DAS   Doc # 30   Filed 06/10/11   Pg 3 of 8   Pg ID 493

moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Once the moving party has made that showing, the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564(6th Cir. 2003).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a

3

verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)).  A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

In a case seeking judgment on assessed and unsatisfied tax liabilities, the Government establishes a prima facie case by simply presenting a tax assessment. *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (citing *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981)).  A taxpayer then bears the burden of rebutting the presumption by a preponderance of the evidence.  *Id.*  "But if the taxpayer shows the assessment was not correct, the burden shifts back to the government to maintain and establish the correctness of the assessment."  *Sinder*, 655 F.2d at 731.

### III.  DISCUSSION

The Government brings two distinct counts of tax liability in its partial motion for summary judgment.  First, it claims Francis Blake owes $648,702.15 plus interest accruing after March 30, 2011, pursuant to 26 U.S.C. § 6672 for willful failure to collect, account for, and pay over trust fund taxes.  Second, it claims that the Blakes owe $904,541.61 plus interest accruing after March 30, 2011, for income taxes in tax years 2000, 2001, and 2002.  The counts will be addressed separately.

### A.  Liability Pursuant to 26 U.S.C. § 6672

The Government first alleges that Francis Blake is liable for unpaid assessed taxes and penalties under § 6672, which provides that

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully

4

account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).  Other provisions of the Internal Revenue Code require employers to withhold certain taxes from wages paid to employees.  *See* 26 U.S.C. §§ 3102(a), 3402(a).  To establish liability under § 6672, the Government must show that Defendant was (1) a "responsible person" and (2) that he "willfully" failed to pay taxes due.  *Kinnie v. United States*, 994 F.2d 279, 283 (6th Cir. 1993).  Of necessity, this assumes an amount of trust fund taxes owed but uncollected, unaccounted, or unpaid.

The court must begin with the presumption that the Government has presented a prima facie case by presenting evidence of the assessments.  *Calderone*, 799 F.2d at 258.  It then became incumbent upon Blake to present evidence upon which a reasonable trier of fact could find the assessment inaccurate by a preponderance of the evidence.  *Id.*  Although Blake offers only his declaration (Resp. Ex. 1) and a copy of a Form 941c submitted to correct previous tax filings (Resp. Ex. 2), these suffice—just barely—to show the existence of a genuine issue of material fact with respect to the amount owed.  The court need not determine at this time whether the Form 941c is inadmissible as hearsay because the declaration of Blake establishes a genuine dispute as to the amount.

There can be no doubt that Defendant has taken a perilous gamble by not presenting documentary evidence or even an affidavit of his accountant.  (*See* Resp. 9 n.4 ("[Defendants' accountant] is currently in the throes of tax season and unavailable to Defendants.").)  In opposition to a motion for summary judgment, a respondent must

present admissible evidence sufficient for a reasonable jury to find in his favor.

*Highland Capital*, 350 F.3d at 564.  He may not rest upon mere contentions of additional

evidence to be presented at trial.  *Fogerty v. MGM Group Holdings Corp.*, 379 F.3d 348,

353-54 (6th Cir. 2004).  Although minimally sufficient, Defendant has presented

evidence, which if accepted by the finder of fact, would prohibit a finding for Plaintiff in

the amount claimed.  "Reasonable denials of the assessment's validity have sufficed in

such cases [as this] to shift the burden back to the government."  *Besase*, 623 F.2d, 463

F.2d 463, 465 (6th Cir. 1980); *accord United States v. Hammon*, 277 F. App'x 560, 563

(6th Cir. 2008).  Here, the declaration by Blake serves as a reasonable denial, based

upon a misclassification of corporate payments to an individual who was a creditor, an

equity holder, and an employee of the corporation.  The court must accept all credible

evidence presented by the nonmoving party in a motion under Rule 56, granting

summary judgment only where the uncontested material facts establish the right of the

movant to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson*, 447 U.S. at

250.

The court does not encourage such attempts to find the minimum of evidence

necessary to successfully oppose a motion for summary judgment, particularly where

the respondent indicates that other evidence could have been presented.  Indeed, by

failing to present any evidence on the issues of whether Defendant was a "responsible

person" or whether any failure to pay trust fund taxes owed was "willful," Defendant has

forfeited those issues; he will therefore be liable for any properly calculated assessment

pursuant to § 6672.  *See Kinnie*, 994 F.2d at 283.  However, Defendant's evidence is

6

minimally sufficient to show a genuine issue of material fact exists regarding the amount of any liability in Count I.

**B.  Income Tax Liability for 2000, 2001, and 2002**

Defendants have not presented any evidence or argument regarding their liability for income taxes in the amount of $379,204.57 plus interests and additions accruing after March 30, 2011.  Plaintiff's motion will, therefore, be granted with respect to that distinct liability.

Regarding tax years 2000 and 2001, however, Defendants have presented evidence indicating they owe less than the amounts claimed, and possibly have no tax liability remaining for those years.  Once again, the evidence presented is incomplete and far from conclusive.  As above, however, it suffices to establish a genuine issue of material fact by evincing a reasonable denying the extent of the liability.  *See Hammon*, 277 F. App'x at 563.  The accountant's letters contain within them documentary evidence of expenses, which would, if accepted, moderate to some extent the tax liability of Defendants.  (Resp. Exs. 3 & 4.)  Although the Government argues that Defendants have failed to present an alternative calculation, their argument rests upon multiple offsetting expenses and deductions, some of which are subject to retroactive application, and any or all of which a reasonable trier of fact could accept or reject. Defendants are not required to present a decision tree or table of potential liability to survive a motion for summary judgment.  Although they have again presented little more than the minimum to establish the existence of a genuine issue of material fact, Defendants have met their burden.  Therefore, the court will deny the Government's motion for summary judgment on Defendants' tax liability for years 2001 and 2002.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for partial summary judgment [Dkt. # 24] is

GRANTED IN PART and DENIED IN PART.  It is GRANTED inasmuch as Defendant

Francis A. Blake is liable under 26 U.S.C. § 6672 for any properly assessed deficiency

and penalty and inasmuch as Defendants are liable for a tax deficiency of §379,204.57,

plus interest and other statutory additions accruing from March 30, 2011.  It is DENIED

on all other claims.


         s/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE


Dated:  June 10, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 10, 2011, by electronic and/or ordinary mail.

         s/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-14224.BLAKE.Gov.PSJ.nkt.wpd