**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

      Plaintiff,

v.                                      Case No. 09-14224

FRANCIS A. BLAKE and MARY JOAN BLAKE,

      Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND**

On June 22, 2011, Defendants Francis A. Blake and Mary Joan Blake moved to amend their answer to assert a counterclaim for a declaration of their tax liabilities for tax year 2003. In the above-captioned matter, to which Defendants seek to add the counterclaim, the Government alleges unpaid taxes by Defendants for tax years 2000, 2001, 2002, and 2004. Defendants allege that an overpayment in the 2003 tax year will reduce their liability on the Government's complaint, thereby requiring a declaration of their liability for 2003. On July 11, 2011, the Government responded in opposition to the instant motion, arguing that it is barred by sovereign immunity. Defendants replied on July 15, 2011. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' motion.

**I. BACKGROUND**

The Government filed a two-count amended complaint against Defendants alleging failure to pay all tax liabilities. Count I asserts a claim against Francis Blake for failure to pay an assessment upon demand for taxes withheld from employees and held

in trust by an employer ("trust fund taxes") and penalties pursuant to 26 U.S.C. § 6672.

Count II asserts a claim for unpaid income tax assessments for the years 2000, 2001,

2002, and 2004 against Francis Blake and Mary Blake.  The Government assessed tax

liabilities and demanded payment of taxes, penalties, and interest on the unpaid tax

liabilities for each of these four years.  Although Defendants do not challenge their

failure to pay the assessed taxes, they argue that the assessed amounts for years 2001

and 2002 are inaccurate because of significant losses in year 2003, which they assert

may be carried back to 2001 and 2002, thereby reducing or eliminating their tax

liabilities for those years, pursuant to 26 U.S.C. § 172.

## II.  STANDARD

As a general matter, amendments to pleadings are governed by Federal Rule of

Civil Procedure 15.  As amended in 2009, Rule 15 allows a plaintiff to amend a

complaint "once as a matter of course" within twenty-one days of a defendant's answer

or motion under Rule 12.  Fed. R. Civ. P. 15(a)(1)(B).  Courts generally have no

discretion to reject timely filed motions to amend complaints.  Where the time to amend

pleadings as a matter of course has expired, a party may nonetheless amend its

pleadings by leave of the court, and "[t]he court should freely give leave when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  The courts have long recognized a policy favoring

trying cases on the merits and liberally granting leave to amend when doing so does not

prejudice an opposing party.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave

should be freely given, absent factors "such as undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

2

amendment, [or] futility of amendment"); *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d

419, 425 (6th Cir. 1999); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

### III.  DISCUSSION

The Government presents only one ground upon which it argues the court should

deny Defendants leave to file a counterclaim.  Additionally, the court finds no undue

delay, bad faith, or prejudice to the Government that may arise from granting leave to

amend.  *See Foman*, 371 U.S. at 182.  The sole issue to be resolved on Defendants'

motion is whether amendment would be futile.  The Government argues that

amendment would be futile because Defendants' proposed counterclaim is barred by

the doctrine of sovereign immunity.  Defendants argue that all material questions of fact

and law involved in the counterclaim will necessarily be decided in the course of trial on

the Government's second count.  The court finds amendment would be futile because

the Government as sovereign is immune from such claim.

"It is axiomatic that the United States may not be sued without its consent and

that the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*,

463 U.S. 206, 212 (1983).  The proposed counterclaim asserts that jurisdiction is proper

under 28 U.S.C. § 1340, but it is well established that "[g]eneral jurisdictional statutes

such as . . . § 1340 do not waive sovereign immunity."  *Berman v. United States*, 264

F.3d 16, 20 (1st Cir. 2001); *accord Carelli v. Internal Revenue Service*, 668 F.2d 902,

904 (6th Cir. 1982).  A suit against the United States for a tax refund or challenging a

tax assessment must comply with the statutory requirement of first filing an

administrative claim.  26 U.S.C. § 7422(a); *United States v. Dalm*, 494 U.S. 596, 601-02

(1990).  Defendants' reliance on *Enochs v. Williams Packing Co.*, 370 U.S. 1 (1962), is

3

misplaced, inasmuch as that case required a showing that the Government could present no case sufficient to establish a tax liability. *Id.* at 7. Nothing in the pleadings, motion, proposed counterclaim, or briefing suggests that the Government cannot, under any circumstances, establish a tax liability for tax year 2003. Defendants merely assert that they *will eventually show* that no liability existed for that year. Therefore, Defendants have failed to meet their burden of establishing a waiver of sovereign immunity. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

The court need not address Defendants' arguments regarding res judicata and collateral estoppel. It may well be that the necessary adjudication of Defendants' tax liability for tax year 2003 will have preclusive effect on future actions, including those by the Government to collect any deficiencies or penalties from that year. This remains, nonetheless, a separate legal question from the Government's assertion of sovereign immunity.

## IV.  CONCLUSION

IT IS ORDERED that Defendants' motion to amend [Dkt. # 32] is DENIED.


　s/Robert H. Cleland　　　　　　　　　　
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  July 27, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2011, by electronic and/or ordinary mail.


　s/Lisa Wagner　　　　　　　　　　　
Case Manager and Deputy Clerk
(313) 234-5522


S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-14224.BLAKE.Motion.Amend.nkt.wpd