**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 09-14224

FRANCIS A. BLAKE and MARY JOAN BLAKE,

    Defendants.
    _____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO RULE 52(a)**

On September 19-20, 2011, the court held a bench trial.  Pursuant to Federal Rule of Civil Procedure 52(a), the court issues its findings of fact and conclusions of law.

**I. INTRODUCTION**

The Government brought suit against Defendants Francis Blake and Mary Joan Blake alleging failure to pay tax liabilities.  Count I of the Government's amended complaint asserts a claim against Francis Blake for failure to pay an assessment upon demand for taxes withheld from employees and held in trust by an employer ("trust fund taxes") and penalties pursuant to 26 U.S.C. § 6672.  On November 1, 1999, the Government made an assessment and penalty against Mr. Blake in the amount of $328,501.03 for failure to properly collect and pay over trust fund taxes for the period between October 1, 1996, and September 30, 1998.  Count II of the amended complaint asserts a claim for unpaid income tax assessments for the years 2000, 2001, and 2002

against Francis Blake and Mary Joan Blake, and further asserts a claim for an unpaid assessment for the year 2004 against Francis Blake.

In a June 10, 2011 opinion and order, the court granted in part and denied in part Plaintiff's motion for partial summary judgment. The court granted summary judgment in favor of Plaintiff on the following issues: (1) Defendant Francis Blake's liability under 26 U.S.C. § 6672 for any properly assessed deficiency and penalty; and (2) Defendants Francis Blake and Mary Joan Blake's liability for unpaid income taxes for the year 2000 in the amount of $379,204.57 plus interest and additions accruing after March 30, 2011.

During the final pretrial conference, counsel for both parties informed the court that Defendants would no longer contest liability for unpaid income taxes for the years 2002 and 2004. Counsel formalized this agreement on the record on September 19, 2011, agreeing that judgment would be entered against Mr. and Mrs. Blake in the amount of $314,275.41 with statutory additions continuing to accrue until paid in full for the 2002 tax year and against Mr. Blake in the amount of $7,779 with statutory additions continuing to accrue until paid in full for the 2004 tax year. Thus, the outstanding issues before the court at the bench trial were: (1) Mr. and Mrs. Blake's liability for unpaid income taxes for the 2001 tax year; and (2) the amount of any 26 U.S.C. § 6672 deficiency and penalty properly assessed against Mr. Blake for the 1997 tax year.

As to Mr. And Mrs. Blake's 2001 tax liability, the parties agree that the central issues are: (1) whether the IRS wrongfully denied various business deductions Defendants claimed on their 2003 individual income tax return that would result in a net operating loss for the year 2003 and that could be carried back and applied to Defendants' liability for the 2001 tax year; and (2) whether the IRS overassessed

2

Defendants' 2001 tax liability by $54,000.  The parties further agreed that typically in cases where a taxpayer challenges deductions denied by the IRS, the court adjudicates the correctness of the denial of deductions, and then the parties convene among themselves to recalculate a defendant's tax liability.  Thus, the court is not tasked with making complex accounting computations.  Because the parties agreed that this sequence of events should apply to this case, the court will limit its analysis of Defendants' 2001 income tax liability to determining whether the 2003 deductions were improperly denied and whether Defendants are entitled to a $54,000 setoff for the overassessment of their 2001 tax liability.

The court will also limit its adjudication of Mr. Blake's liability pursuant to 26 U.S.C. § 6672 to whether $312,000 of purported income was correctly included in the IRS's calculation of the § 6672 assessment.  Mr. Blake contends that his accountant, Frank Iannuzzi, discovered that payments made to him by Northern Holdings in 1997 were misclassified as income on Northern Holdings' Form 940 for the four quarters of 1997 and resulted in an overreporting of withheld income and social security taxes due.  In the event the court determines that the IRS incorrectly calculated Mr. Blake's § 6672 assessment, the court will direct the parties to recalculate the assessment.

## II. FINDINGS OF FACT

The parties stipulated to many of the facts relevant to this cause of action.  The court accepts the relevant stipulated facts as its findings of fact in part.  The court makes various additional findings of facts here and, as needed, in Section IV, *infra*.

1. Francis Blake operated at least three wholly owned businesses during the tax years at issue: (1) Nova Press LLC ("Nova Press"), a single-member LLC, whose

income and losses are reported on Defendants' Form 1040, Schedule C; (2) Hyan Equipment Ltd. ("Hyan"), an S corporation whose income and losses flow through directly to Defendants; and (3) Northern Holdings, Ltd., a/k/a Northen Machinery, Inc. ("Northern Holdings"), a C corporation whose losses cannot be used to reduce Defendants' income.

2. At all relevant times, both Nova Press and Hyan used the accrual method of accounting.

3. On November 1, 1999, a delegate of the Secretary of the Treasury made an assessment against Francis Blake of a penalty in the amount of $328,501.03, pursuant to 26 U.S.C. § 6672.

4. On November 1, 1999, a delegate of the Secretary of the Treasury of the United States of America gave notice of the 26 U.S.C. § 6672 assessment and made a demand for payment of the assessed § 6672 liabilities.

5. The § 6672 assessment against Francis Blake was based upon Northern Holdings' self-reported Form 941 liabilities for the time period beginning October 1, 1996 and ending September 30, 1998.

6. In June 1998, Frank Iannuzzi, an accountant retained by Northern Holding, discovered that the repayment of shareholder loans to Francis Blake had been misclassified as payroll in 1997. This resulted in an over-reporting of withheld income and Social Security taxes due.

7. Northern Holdings, through Mr. Iannuzzi, submitted a Form 941C for the four quarters of 1997 indicating that Northern Holdings' original Form 940 for 1997 incorrectly classified $312,000 as income paid to Mr. Blake.

8. In its June 10, 2011 order, the court granted summary judgment in favor of Plaintiff on the issue of liability stemming from Plaintiff's willful failure to properly collect and pay over trust fund taxes for the period between October 1, 1996 and September 30, 1998, and held that Plaintiff would be "liable for any properly calculated assessment pursuant to § 6672." (06/10/2011 Order at 6.)

9. A delegate of the Secretary of the Treasury of the United States of America made assessments against Francis Blake and Mary Joan Blake for joint federal income tax liabilities, as set forth below for the income tax year 2001:

| Income Tax Year | Date of Assessment | Type of Assessment | Assessment Amount |
|---|---|---|---|
| **2001** | 3/31/2003 | Tax | $97,893.00 |
| | 3/31/2003 | Estimated Tax Penalty | $575.01 |
| | 3/31/2003 | Late Filing Penalty | $20,563.42 |
| | 3/31/2003 | Failure to Pay Tax Penalty | $5,447.58 |
| | 3/31/2003 | Interest | $5,693.85 |
| | 6/27/2003 | Fees and Costs | $19.00 |
| | 7/18/2005 | Failure to Pay Tax Penalty | $17,400.66 |

10. On the dates of the tax assessments described above, a delegate of the Secretary of the Treasury gave notice of the assessments, and made demand for payment of the income tax liabilities.

11. On their 2003 tax return, Defendants claimed the following business and depreciation deductions:

| Description | Amount |
|---|---|
| Costs of goods sold (Nova Press, Sch. C) | $ 125,000.00 |
| Rent (Nova Press, Sch. C) | $ 325,000.00 |
| Legal fees (Nova Press, Sch. C) | $ 304,516.00 |
| Rent (Hyan Equipment, Sch. E) | $ 620,679.00 |
| Depreciation (Hyan Equipment, Sch. E) | $ 12,115.00 |
| Insurance (Hyan Equipment, Sch. E) | $ 10,000.00 |
| Commissions paid (Hyan Equipment, Sch. E) | $ 162,700.00 |
| **TOTAL DEDUCTIONS CLAIMED** | $ 1,560,010.00 |

12. The IRS determined that each of the deductions above claimed by Defendants for the 2003 tax year were either not properly substantiated or were not proper deductions.

### III. SUMMARY OF DEFENDANTS' CLAIMED BUSINESS EXPENSES AND DEPRECIATION DEDUCTIONS FOR THE 2003 TAX YEAR

Below is a concise summary of the Defendants' arguments regarding their claimed deductions for the 2003 tax year. While neither findings of fact nor conclusions of law, the summary will assist in framing the court's application of law to facts in Section V, *infra*.

1. Defendants contend that the IRS improperly disallowed the following deductions:

    a. $125,000 cost of goods deduction for Nova Press in 2003, including a $50,000 amount identified as "Lapeer," and a $75,000 payment to Canadian Machinery Movers;

    b. $325,000 deduction for rent expenses incurred by Nova Press in 2003;

    c.    $304,516 deduction for legal and accounting fees incurred by Nova Press in 2003, including (1) $129,217 due to Honigman Miller Schwartz & Cohn LLP; (2) $117,229 due to Williams Mullen PC; (3) $27,000 paid to Bing Metals Group; and (4) $31,000 paid to Martini Barile;

    d.    $620,000 deduction for rent expenses incurred by Hyan Equipment in 2003, including (1) $265,000 paid to Deluxe Development, Co. ("Deluxe"); (2) two checks in the total amount of $43,000 written to "CASH"; (3) $54,000 paid to an unknown recipient; and (4) $258,679 paid to an unknown recipient;

    e.    $12,115 deduction for depreciation expenses incurred by Hyan Equipment in 2003

    f.    $10,000 deduction for insurance expenses, which they allege were incurred by Hyan Equipment in 2003; and

    g.    $162,700 deduction for commission expenses, which they allege were incurred by Hyan Equipment for the 2003 income tax year, including a $75,000 payment to John Hauler, a $25,000 payment to Mark Stapleton, and $62,700 for "employee advances."

2.    Defendants assert that these deductions give rise to a net operating loss for 2003 that can be carried back to the 2001 tax year.

### IV. CONCLUSIONS OF LAW

1.    In a case seeking judgment on assessed and unsatisfied tax liabilities, the Government establishes a prima facie case by simply presenting a tax assessment. *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986)

(citing *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981)).  A taxpayer then bears the burden of rebutting the presumption by a preponderance of the evidence.  *Id.*  "But if the taxpayer shows the assessment was not correct, the burden shifts back to the government to maintain and establish the correctness of the assessment."  *Sinder*, 655 F.2d at 731

2. Tax "[d]eductions are a matter of legislative grace and are narrowly construed; a particular deduction will be allowed only when there is a clear provision authorizing it. A taxpayer seeking a deduction must point to an applicable statute and demonstrate that he or she comes within the statute's terms." *Jackson v. Comm'r*, 50 F. App'x 701, 703 (6th Cir. 2002) (citations omitted).

3. "The taxpayer bears the burden of proving a deduction and the amount of it.  [A court] may disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility, or finds the testimony to be improbable, unreasonable or questionable."  *Id.* at 704 (citations omitted).

4. "Expenses incurred for the benefit of another taxpayer are clearly not deductible under section 162, but if the taxpayer pays the expense of another for its own proximate and direct benefit, a deduction may be allowable."  *Austin Co. v. Comm'r*, 71 T.C. 955, 967 (U.S. Tax Ct. 1979) (citations omitted).

5. Under 26 U.S.C. § 3102(a), an employer must deduct and withhold income taxes from the wages paid to its employees.

6. Pursuant to 26 U.S.C. § 3402(a), an employer must also deduct and withhold Federal Insurance Contributions Act ("FICA") taxes from the wages paid to its employees.

7.  Under 26 U.S.C. § 6672,

    a.  [a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for any pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the toal amount of tax evaded, or not collected, or not accounted for and paid over

    b.  26 U.S.C. § 6672(a).

8.  "A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner a sole proprietorship . . . ." 26 C.F.R. § 301.7701-2(a). The income and losses of a disregarded single-member LLC are treated as income and losses directly incurred by its owner. The owner, however, is only permitted to realize a loss "to the extent of the aggregate amount with respect to which the taxpayer is at risk . . . for such activity at the close of the taxable year." 26 U.S.C. § 465(a)

9.  The income and losses of an S corporation pass through to its shareholders. 26 U.S.C. § 1366(a).

10. The income and losses of a C corporation do not pass through to its shareholders. *Maloof v. Cmm'r*, Nos. 15211-02, 17951-03, 2005 WL 768077, at *2 (U.S. Tax Ct. Apr. 6, 2005).

11. Pursuant to 26 U.S.C. § 162, a taxpayer may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). "To qualify as an allowable deduction under § 162(a), an item must (1) be paid or incurred during the taxable year, (2) be for carrying on any trade or business, (3) be an expense, (4) be a necessary

9

expense, and (5) be an ordinary expense." *Jackson v. Comm'r*, 50 F. App'x 701, 704 (6th Cir. 2002) (citing *Comm'r v. Lincoln Sav. & Loan Ass'n*, 403 U.S. 345, 352 (1971)).

12. The Internal Revenue Code also permits "as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear . . . of property used in the trade or business." 26 U.S.C. § 167(a)(1). "The period for depreciation of an asset shall begin when the asset is placed in service." 26 C.F.R. § 1.167(a)-10. Substantiation of a depreciation deduction requires the taxpayer to show who owned the property, when it was put into service, and how much was paid for it. *Aref v. Cmm'r*, No. 11164-06, 2009 WL 1472216, at *3 (U.S. Tax Ct. May 27, 2009).

13. A net operating loss is the excess of the deductions allowed by the Internal Revenue Code over the gross income. 26 U.S.C. § 172(c). Section 172 permits a taxpayer to carry back a net operating loss to each of the two "taxable years preceding the taxable year of such loss." 26 U.S.C. § 172(b)(1)(A)(I).

14. "The amount of any deduction . . . shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income." 26 U.S.C. § 461(a). An accrual-basis taxpayer must deduct expenses in the tax period when they were incurred, even if the expenses were not paid during that tax period. *Don E. Williams Co. v. Comm'r*, 429 U.S. 569, 574 (1977).

15. Where a taxpayer uses accrual accounting, "whether a business expense has been 'incurred' so as to entitled an accrual-basis taxpayer to deduct it under §

162(a) of the Internal Revenue Code . . . is governed by the 'all events' test." Under this test, an expense is incurred "in the taxable year in which all the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability."  26 C.F.R. § 1.461-1(b)(i).

### IV. APPLICATION OF LAW TO FACTS

In applying the law to the facts, the court has necessarily evaluated the credibility of the testimony of the witnesses.  Where the testimony of the witnesses lacks sufficient credibility and the record is devoid of evidence supporting Defendants deductions, the court has concluded that Defendants have not sustained their burden of proof.

1. Defendants have not sustained their burden of proof that they are entitled to $125,000 in deductions for Nova Press's cost of goods in 2003.
    a. As to the $50,000 transaction identified as "Lapeer" on the 2003 tax return, Defendants failed to establish that the expense was incurred by Nova Press in the 2003 tax year.
    b. Defendants also have failed to substantiate the $75,000 expense for "Freight and Delivery," nor have they shown that the expense was an ordinary and necessary incurred by Nova Press in 2003.
2. Defendants have failed to substantiate their claimed deduction of $325,000 for rent expenses allegedly incurred by Nova Press in 2003, nor have they established that the rent expenses claimed were ordinary and necessary expenses of Nova Press.

3.  Defendants have not carried their burden of showing that the $304,516 deduction for legal fees were ordinary and necessary business expenses incurred by Nova Press during the 2003 tax year.

    a.  As to the legal expenses resulting from services rendered by Honigman, Miller, Schwartz & Cohn LLP, Defendants failed to establish that the expenses were incurred by Nova Press in the 2003 tax year. The invoice proffered by Defendants to substantiate the deduction indicates that the expenses were incurred in the years 2001 and 2002. Further, the same invoice identifies Northern Holdings, not Nova Press, as the company incurring the expenses.

    b.  Defendants have not substantiated the deduction for legal fees owed to Williams Mullen PC, nor have they established that Nova Press incurred the expense in the 2003 tax year.

    c.  Defendants have further failed to substantiate the deductions for legal fees owed to Bing Metals Group and Martini Barile, and have failed to prove that any expenses actually incurred from services rendered by these two companies were ordinary and necessary expenses incurred in the 2003 tax year.

4.  Defendants have not sustained their burden of proof that they are entitled to $620,679 in deductions for rent expenses incurred by Hyan during the 2003 tax year.

    a.  Defendants failed to substantiate the $265,000 deduction for rent expenses incurred as a result of a lease agreement with Deluxe. At trial,

> Mr. Blake testified that during the 2003 tax year Hyan and Nova Press incurred $335,000 in rent expenses from a lease with Deluxe, with $310,346 being allocated to Hyan as a rental expense. Mr. Blake's testimony regarding the rental expenses incurred during 2003, however, accords with neither the lease agreement he proffered as evidence of the rental expense, which states that the annual rent for the Deluxe property was $208,125, nor Defendants' 2003 tax return which indicates that Hyan incurred $265,000 in rental expenses from the lease with Deluxe. Further, the lease proffered by Defendants denotes Nova Press, not Hyan, as the tenant. Because of the contradictions in the evidence proffered by Defendants, the court finds that Defendants failed to substantiate the rental expenses incurred from the lease with Deluxe.

    b.    Defendants failed to substantiate the claimed rent deductions for two checks, totaling $43,000, paid to "CASH."

    c.    Defendants also failed to proffer any evidence substantiating their claimed deduction for rent in the amount $54,000 paid to an unknown recipient.

    d.    Finally, Defendants did not adequately substantiate their claimed deduction for $258,679.37, and failed to establish that the expense was an ordinary and necessary expense incurred by Hyan during the 2003 tax year.

5.    Defendants have not carried their burden of establishing entitlement to a $12,115 deduction claimed by Hyan for depreciation on a building in Kalamazoo, Michigan. Defendants failed to adequately proffer evidence establishing who

owned the property. Mr. Blake merely testified that "we obtained title to the building," without indicating whether he personally obtained title or whether one of his three companies obtained title. Further, Defendants proffered no other evidence establishing who the owner of the building was. Because the record lacks evidence to support a finding that Hyan owned the property, the court concludes that Defendants have not substantiated their claimed deduction for depreciation.

6. Defendants have not sustained their burden of proof that Hyan's claimed deduction of $10,000 for insurance expenses was incurred in 2003. Defendants proffered a check in the amount of $10,000 payable to "Valenti Trobec Chandler Inc.," dated December 15, 2003. Because Hyan used the accrual method of accounting, Defendants must show that the insurance expense was incurred, as opposed to paid, in 2003. Therefore, proffering evidence establishing that an expense was paid in 2003 does not satisfy Defendants' burden of proof. Further, the proffered check indicates that Nova Press, not Hyan, paid the $10,000 check, and, thus, the evidence also fails to establish that the insurance expense was an ordinary and necessary expense of Hyan.

7. Defendants failed to establish entitlement to $162,700 in deductions for commission expenses purportedly incurred by Hyan in 2003. Mr. Blake testified that the commissions in question were paid to employees during 2003. However, the record lacks sufficient evidence to find that the commissions were an ordinary and necessary business expense incurred by Hyan in 2003.

8. Defendant Francis Blake has rebutted the presumption of correctness regarding the amount of the penalty assessed against him by the IRS for failing to comply with 26 U.S.C. §6672. Frank Iannuzzi, Mr. Blake's accountant in 1997, testified that his firm discovered that payments made to Mr. Blake in 1997 were improperly categorized as payroll by Northern Holdings' bookkeeper, when in fact, the payments were loan repayments. Further, Mr. Blake proffered evidence demonstrating that Mr. Iannuzzi, upon identifying the misclassification of the 1997 payments, submitted a Form 941c amending Northern Holdings' original Form 941 for the four quarters of 1997. Mr. Iannuzzi also testified that he prepared a Form W2c amending Mr. Blake's original 1997 Form W2. The record establishes by a preponderance of the evidence that the deficiency and penalty assessed against Mr. Blake pursuant to § 6672 incorrectly included $312,000 of purported income that was in fact loan repayments to Mr. Blake.

   a. Because the court previously granted summary judgment in favor of the Government on the issue of Mr. Blake's liability for any properly calculated assessment pursuant to § 6672, (*see* 06/10/2011 Order.), the court will direct the parties to recalculate the § 6672 assessment, excluding from the recalculation the $312,000 that was misclassified as income. Pursuant to the court's June 10, 2011 summary judgment order, Mr. Blake shall be liable for the recalculated assessment.

9. Finally, Defendants failed to establish that they were entitled to a $54,000 setoff of their 2001 tax liability because the IRS overassessed their liability. Defendants' counsel, in his opening statement, stated that the IRS overassessed

Defendants' 2001 tax liability by $54,000. The only evidence supporting counsel's claim was a letter sent to Defendants purportedly by the IRS in 2006 which stated that the IRS had "tentatively" determined an overassessment of $22,879 in tax liability and $5,147.77 in delinquency penalty for the 2001 tax year. The letter explicitly stated that Defendants should file the refund claim immediately because the time in which the IRS allows refund claims for overassessments may expire before the IRS could process their claim. Defendants have not proven by a preponderance of the evidence that they are entitled to the setoff. First, the letter stated that the IRS determination was tentative and required further action by Defendants to determine whether an overassessement in fact occurred; counsel admitted that Defendants failed to complete the required paperwork to file a refund claim. Second, the letter informed Defendants that their entitlement to a refund was dependent on claiming the refund before some unstated time period expired. Defendants proffered no evidence suggesting that the time to claim the refund had not expired. Finally, the letter clearly contradicts counsel's claim that Defendants were entitled to a set off of $54,000, and states that the overassessment was tentatively determined to be approximately $28,000.

## V. CONCLUSION

Defendants have not met their burden of showing that they are entitled to business expenses and depreciation deductions claimed on their 2003 taxes. Nor have they established a setoff of $54,000 against their 2001 tax liabilities. However, Defendant Francis Blake has shown by a preponderance of the evidence that the IRS's

assessment pursuant to § 6672 was incorrectly calculated.  In accordance with the parties' agreement that the court limit its adjudication to specific and narrow questions of fact regarding Defendants' 2001 tax liability and whether the § 6672 assessment was correctly calculated, the court directs the parties to recalculate the Defendants' 2001 income tax liability and Mr. Blakes' liability pursuant to § 6672.

IT IS ORDERED that the parties submit a proposed judgment agreed upon as to form on or before **December 27, 2011**.[1]  The proposed judgment should reflect the recalculated amount of the § 6672 assessment and Defendants' 2001 tax liability, as well as the parties' stipulated agreement that judgment be entered in favor of the Government on Defendants' 2002 tax liability and Mr. Blakes' 2004 tax liability.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1] In the event the form of judgment cannot be agreed upon, the parties shall each submit their own competing proposed judgments for the court's review.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-14224.BLAKE.Finding.Facts.Conclusions.Law.jrc.wpd